UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN DAVID OLAVE,

      Petitioner,

v.                                                                Case No.:  2:26-cv-01883-SPC-NPM

WARDEN, SOUTH FLORIDA
DETENTION FACILITY *et al.*,

      Respondents,

_____/

## **OPINION AND ORDER**

Before the Court are Juan David Olave's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 7).

Olave is a native and citizen of Colombia who became a lawful permanent resident on April 9, 2000.  He was convicted of false imprisonment (three counts), armed robbery, battery (three counts), and tampering with a witness (two counts) in 2010, domestic battery in 2023, and violation of probation in 2024.  On March 27, 2026, local law enforcement arrested Olave and turned him over to Immigration and Customs Enforcement ("ICE").  ICE commenced removal proceedings on May 7, 2026, by issuing a notice to appear. Those proceedings remain pending.  Olave is currently detained at Glades County Detention Center.  He challenges the legality of his detention.

The respondents argue Olave is subject to mandatory detention under 8 U.S.C. § 1226(c), which requires the Attorney General to detain some criminal noncitizens. Specifically, the government cites § 1226(c)(1)(B), § 1227(a)(2)(A)(iii) and § 1227(a)(2)(E)(i). In relevant part, those sections mandate the detention of noncitizens who are convicted of an aggravated felony or domestic violence. Olave was convicted of aggravated assault and domestic battery. He is thus subject to mandatory detention under § 1226(c).

That is not the end of the inquiry. In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court considered the constitutionality of mandatory detention under § 1226(c). "While *Demore* upheld § 1226(c)'s provision mandating detention of criminal aliens during removal proceedings, it did so with a strong constitutional caveat about due process concerns as to continued mandatory detention where the duration of the removal proceedings is unreasonably long or delayed." *Sopo v. U.S. Attorney Gen.*, 825 F.3d 1199 (11th Cir. 2016). Olave has been in immigration detention for just under three months, and his removal proceedings appear to be moving forward on an expedited schedule. Thus, the Court finds his detention does not yet raise due process concerns. If Olave's detention becomes unreasonably prolonged, he may file a new habeas petition.

Accordingly, it is hereby

**ORDERED**:

Juan David Olave's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on June 25, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record

3